## R. O. Watson, Defendant in Error, v. John A. Makaroff, Plaintiff in Error.

## Gen. No. 16,298.

CHATTEL MORTGAGES—*when penalty for failure to make proper report of sale recoverable.* *Held,* that a report of sale, unsigned, which did not contain an itemized statement of the necessary reasonable expenses incurred in foreclosure, was not a compliance with the statute and that a recovery of the penalty prescribed by the statute was proper.

Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed February 20, 1912.

HENRY S. BLUM, for plaintiff in error.

ADAMS, BOBB & ADAMS, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

R. O. Watson, defendant in error, obtained judgment in the Municipal Court against John A. Makaroff, plaintiff in error, in an action brought to recover two hundred dollars under and by virtue of the statutes governing foreclosures of chattel mortgages. Section 26, chapter 95 of Hurd's Revised Statutes, in regard to the foreclosure of chattel mortgages by sale under powers contained in mortgages, provides in substance for the giving by the mortgagee of three days' notice prior to the sale, and upon the making of the sale the mortgagee shall make out a statement showing the items of personal property sold, the name of each purchaser, and the amount for which each article is sold, and also an itemized statement of the necessary reasonable expenses incurred in taking, keeping and selling the property, and shall deliver the

same to the mortgagors or some one of them in person or by mail, and if he fails so to do within ten days after the sale, the owner of the property may sue for and recover one-third of the value of the property so sold from the mortgagee, or person making such sale as assignee of said mortgagee.

It appears from the record that the defendant in error gave a chattel mortgage to the plaintiff in error, containing a power of sale, and that several payments were made upon the mortgage prior to the sale, but that the defendant in error was in default in payment of the debt. Thereupon plaintiff in error, the mortgagee, took possession of the property, advertised it for sale and sold it. The evidence tends to show that the property in question, which was the hull of a boat, was worth the sum of six hundred dollars. After the sale notice was sent by plaintiff in error, or by some one it does not appear by whom, to the defendant in error of the sale of the boat for eighty-five dollars. It does not appear from the notice to whom the boat was sold. The notice was unsigned and simply contained a statement of the custodian's fees ten dollars, fees for foreclosure ten dollars, and for posting notices two dollars.

This report of sale does not in our opinion comply with the provisions of the statute. It is unsigned, it does not contain an itemized statement of the necessary reasonable expenses incurred in foreclosing the mortgage, it does not contain the name of the purchaser of the article sold; and in our opinion the defendant in error was entitled to recover the penalty for violation of the statute.

The plaintiff in error proceeds in his argument in this court upon the theory that the action was for the conversion of the boat in question. Some of the language used in the plaintiff's amended statement of claim would justify the plaintiff in error in the theory that the action was brought for the conversion of the prop-

erty; but the latter part of the statement clearly indicates that the action is brought to recover the penalty provided for in the statute.

We think the argument of plaintiff in error proceeds upon an erroneous conception of the theory of the case, and that the principles and authorities cited and relied upon in his brief are therefore not applicable to the case as made in the court below.

The judgment is supported by the evidence, and it is affirmed.

*Affirmed.*